UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAIMEON MOSLEY,

    Plaintiff,                                           Case No. 18-11642

v.                                                   HON. AVERN COHN

KOHL'S DEPARTMENT STORES, INC.,

    Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I.    INTRODUCTION

This is an ADA case. Plaintiff, Daimeon Mosley ("Mosley"), is suing Kohl's Department Stores, Inc. ("Kohls"), for violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 *et seq.* ("ADA"). Mosley says that Kohls has two stores located in Michigan that do not comply with ADA mandates. (Doc. 7). Kohls responded by filing a motion to dismiss, which says that Mosley has no standing to sue. (Doc. 11). Now before the Court is Kohls' Motion to Dismiss. Id. For the following reasons, the motion is GRANTED.[1]

### II.    BACKGROUND

Mosley is a resident of Maricopa County, Arizona. (Doc. 7). In 2003, Mosley fell victim to the West Nile Virus and developed several disabilities as a result, including some degree of paralysis. Id. Consequently, Mosley requires a mobility device and qualifies for ADA accommodations.

---

[1] The parties submitted briefs on the relevant issues. (Doc. 11, 12, 16). The Court is satisfied with the briefs and decided oral argument was not necessary.

Mosley is a career musician and travels the country performing at various music venues. Id.  Mosley is also a career "ADA tester" and files ADA discrimination claims throughout the country. (Ex. A & B); (Doc. 11, pg. 10); see also, Laura Wilcoxen, Three Plaintiffs, Two Firms Bringing Bulk of Certain ADA Cases in Arizona, Legal Newsline, Feb. 10, 2016.  During a trip to Michigan, Mosley went to two Kohls' stores located in Novi and Northville and says that he was "denied full and equal access and enjoyment of the services, goods and amenities due to barriers present [at Kohls]." (Doc. 7). Specifically, Mosley says that Kohls' restrooms did not comply with ADA requirements (*e.g.* substandard restroom doors, high sinks, improperly spaced grab bars).

Mosley says that he frequently travels to Michigan because he "has family and friends that reside in the Detroit area whom he tries to visit at least annually in the summers" and has scheduled a family visit for November 11, 2018. Id.  Mosley also says that he is scheduled to return to Detroit and Flint as part of his music tour. Id.

### III.   LEGAL STANDARD

To establish standing, a plaintiff must demonstrate (1) he has suffered an "injury in fact," (2) a causal connection between the injury and the challenged conduct, and (3) the injury can be redressed by a favorable judicial decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); Doe v. Porter, 370 F.3d 558, 562 (6th Cir. 2004).

When a plaintiff seeks injunctive relief, he must demonstrate that there is a non-speculative, imminent threat of repeated injury to establish that there is an "injury in fact." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing present adverse effects." O'shea v. Littleton, 414 U.S. 488, 495 (1974).  A plaintiff seeking injunctive relief must "ultimately

2

prove[], a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury." Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

In the ADA context, courts have held that a plaintiff must establish a likelihood of returning to the defendant's business to demonstrate a real threat of future harm. See, e.g., Parr v. L&L Drive-Inn Rest., 96 F.Supp.2d 1065, 1079 (D.W.Haw. 2000) (stating a plaintiff must show a "sincere intent to return").  To this end, courts consider "(1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." Walker v. 9912 East Grand River Associates, LP, 2012 WL 1110005, at *6 (E.D.Mich., Apr. 3, 2012) (quoting D'lil v. Stardust Vacation Club, 2001 WL 1825832, at *3 (E.D.Cal., Dec. 21, 2001)).

## IV.  APPLICABLE LAW

Generally, courts have not deprived a plaintiff of standing simply because they are found to be "ADA testers."  For example, in Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1334 (11th Cir. 2013), the Eleventh Circuit decided a case in which a plaintiff's "tester motive" was at issue.  The court held that "tester motive behind [a] visit . . . does not foreclose standing for [a] claim under . . . Title III." Id.  However, the Eleventh Circuit went on to say that a tester plaintiff must nevertheless "show a real and immediate threat of future injury." Id.  The court in Houston ultimately found that the plaintiff had standing to sue because he could articulate specific reasons for why he traveled to the defendant's supermarket. Id. at 1336 (stating "[plaintiff] does not live hundreds of miles away with no particular reason to return").

Other courts have also found that a plaintiff can satisfy Article III standing—despite a lengthy distance from their home—if they can articulate the reasons for

3

visiting a defendant's store. For example, in <u>Gaylor v. Hamilton Crossing CMBS</u>, 582 Fed.Appx. 576, 580 (2014), a plaintiff was found to have standing when he could show (1) he frequently visited the area, (2) he had previously visited the defendant's store numerous times, (3) he had suffered past injuries at the defendant's location, (4) he had reasons for why he made regular trips to the store, and (5) he alleged a plan to return to the property. Thus, the plaintiff had standing to sue because he alleged a motive for visiting the defendant's location that went beyond merely seeking ADA compliance. <u>See also</u>, <u>Access for the Disabled, Inc. v. Rosof</u>, 2005 WL 3556046, at *2 (M.D.Fla., Dec. 28, 2005); <u>Wilson v. Kayo Oil</u>, 535 F.Supp.2d 1063, 1067 (S.D.Cal. 2007).

Correspondingly, courts have refused to find that a plaintiff has standing when return to a defendant's store is hypothetical. For example, in <u>Kennedy v. Solano</u>, the court found that the plaintiff did not have standing to sue because (1) she lived 170 miles away, (2) she only visited defendant's store once, and (3) she failed to allege a definitive plan to return. 735 Fed.Appx. at 655 ("[plaintiff] avers that she intends to return to the restaurant in the future when it is ADA compliant, but these conclusory allegations contain no concrete plan regarding her return."); <u>see also</u>, <u>Kramer v. Midamco</u>, 656 F.Supp.2d 740, 747–48 (2009) (stating that "ADA tester" status alone does not support a showing of future injury and that "[a]n ADA plaintiff cannot manufacture standing to sue in federal court simply by claiming that she intends to return to the facility"). The court concluded that "although [plaintiff] alleges that she travels frequently in the vicinity . . . based on the totality of her allegations and the factors we consider for standing, [she] has not met her burden to show a plausible threat that she will face future discrimination." <u>Id.</u> Thus, even though a plaintiff alleges frequent visits to an area,

4

Article III standing requires a showing of some credible plan to return to a particular location.

## V. ANALYSIS

The Court acknowledges that Mosely's "ADA tester" motive does not foreclose standing for a claim under the ADA. See, Houston, 733 F.3d at 1334. However, Mosley must nevertheless "show a real and immediate threat of future injury." Id.

Here, Mosley has not plead facts that lead the Court to believe he intends to return to either Kohls location. Similar to the plaintiff in Kennedy, Mosley does not have standing to sue because (1) he lives roughly 2000 miles away, (2) he only visited Kohls' store once, and (3) he has failed to allege a definitive plan to return to Kohls' Novi or Northville locations. Although Mosley "avers that []he intends to return to [Kohls] in the future when it is ADA compliant . . . these conclusory allegations contain no concrete plan regarding [his] return." Kennedy, 735 Fed.Appx. at 655.

Unlike the plaintiff in Gaylor, Mosley has not shown that he (1) frequently visits Northville or Novi, (2) has visited these store locations numerous times, (3) has reasons for making regular trips to Kohls' Novi or Northville locations, or (4) has a credible plan to return to either property. See Gaylor, 582 Fed.Appx. at 580. Absent some credible plan to return to the property, Mosley has not demonstrated a non-speculative, imminent threat of repeated injury to establish an "injury in fact."

## VI. CONCLUSION

For the reasons stated above, the Motion to Dismiss is GRANTED (Doc. 11), and this case is DISMISSED.

SO ORDERED

s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 1/3/2019
Detroit, Michigan